# IN UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

LUIS GUTIERREZ                                                    PLAINTIFF

vs.                          Civil No. 4:19-cv-04012

ANDREW SAUL[1],                                         DEFENDANT
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

      Plaintiff, Luis Gutierrez, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed his applications on June 6, 2016. (Tr. 67)[2]. In his applications, Plaintiff alleged being disabled due to: surgery on his right knee, left shoulder

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

problems, neck problems, back problems, depression, and anxiety, with an alleged onset date of April 1, 2015. (Tr. 67, 324). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 67). Plaintiff requested an administrative hearing and that administrative hearing was held on May 8, 2018. (Tr. 86-139). At this hearing, Plaintiff was present and represented by counsel, Laura Hernandez. (*Id.*). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id.*). Plaintiff's testimony was provided via an interpreter, who provided the interpretation remotely. (*Id.*).

Following the administrative hearing, on July 5, 2018, the ALJ entered an unfavorable decision. (Tr. 61-85). The ALJ found Plaintiff meets the insured status requirements of the Act through December 31, 2020. (Tr. 70, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from his alleged onset date of April 1, 2015, through his date last insured. (Tr. 70, Finding 2). The ALJ determined Plaintiff had the severe impairments of: degenerative disc disease (DDD) of the cervical and lumbar spines; small tear posterior horn of the medial meniscus of right knee with complex cyst; partial thickness tear of left shoulder rotator cuff with reactive synovitis of the glenohumeral joint; and depressive and anxiety disorder secondary to medical condition. (Tr. 70, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 70-71, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 72-76). The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 72-73). The ALJ determined Plaintiff retained the RFC to:

---

2 References to the Transcript will be (Tr. \_\_\_) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can reach overhead occasionally with either upper extremity; can use either upper extremity frequently to reach in another direction, handle, finger and feel; can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can use foot controls occasionally; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work-related decisions; can adapt to few, if any, workplace changes, and can tolerate only occasional interaction with co-workers, supervisors and the general public.
>
> (Tr. 72, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined that Plaintiff was unable to perform any of his past relevant work. (Tr. 76-77, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 77-78, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of housekeeper with approximately 929,540 jobs in the nation, or mailroom sorter with approximately 99,190 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from April 1, 2015 through the date of his decision. (Tr. 78, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 299). On January 11, 2019, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-8). On February 4, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

Plaintiff brings a single point on appeal, whether the ALJ's RFC assessment included all of Plaintiff's exertional and non-exertional impairments. ECF No. 11. Plaintiff objected to the ALJ giving little weight to Dr. Walker's opinion and giving great weight to the opinions of state agency medical consultants. (*Id.*, p. 12). Plaintiff also argues the ALJ's RFC assessment failed

4

to address Plaintiff's carpal tunnel syndrome and trigger thumb. (*Id*., p. 17). Plaintiff also objects to the ALJ's assessment of the impact of his mental impairments on his RFC. (*Id*., p. 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE